pca
2007R01320

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA     :  Hon.

      v.                          :  Criminal No. 11-654 (JEI)

VENKATESH SANDILYA            :  18 U.S.C. § 1029(a)(2)
                              :  18 U.S.C. S 2

## INFORMATION

The defendant having waived in open court prosecution by indictment, the United States Attorney for the District of New Jersey charges:

1. At all times relevant to this Information, (a) Chase Bank, USA, American Express, and Bank of America (collectively "the Banks") were financial institutions as defined in Title 18, United States Code, Section 20, and (b) their deposits were insured by the Federal Deposit Insurance Corporation.

2. From in or about January 2007, to in or about December 2007, at Cape May County, in the District of New Jersey, and elsewhere, the defendant

**VENKATESH SANDILYA**

knowingly, wilfully, and with intent to defraud did use and traffic in unauthorized access devices in a manner affecting interstate commerce, during a one-year period, and by such conduct did obtain things of value aggregating more than $1,000

during that period.

3. The defendant, VENKATESH SANDILYA, caused the Banks to sustain the following approximate losses:

| THE BANKS | THE LOSSES |
|---|---|
| Chase Bank USA | $ 237,410.25 |
| American Express | $ 134,769.00 |
| Bank of America | $ 174,645.92 |

In violation of Title 18, United States Code, Sections 1029(a)(2) and 2.

## NOTICE OF FORFEITURE

**THE UNITED STATES ATTORNEY CHARGES THAT:**

1. The allegations contained in Count 1 of this Information are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Sections 982(a)(2)(B) and 1029(c)(1)(C).

2. Upon conviction of the offense in violation of Title 18, United States Code, Section 1029 set forth in Count 1 of this Information, the defendant, shall forfeit to the United States of America -

> (A) pursuant to Title 18, United States Code, Section 982(a)(2)(B), any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violation(s);

> (B) pursuant to Title 18, United States Code, Section 1029(c)(1)(C), any personal property used or intended to be used to commit the offense[s].

The property to be forfeited includes, but is not limited to:

$ 546,825.17.

3. If any of the property described above, as a result of any act or omission of the defendant:

> a. cannot be located upon the exercise of due

3

diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Sections 982(b)(1) and 1029(c)(2).

All pursuant to 18 U.S.C. §§ 982(a)(2)(B) and 1029(c)(1)(C).

PAUL J. FISHMAN
United States Attorney